NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0104n.06

No. 16-3205

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 13, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| KARLA M. RUIZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; STRANCH and DONALD, Circuit Judges.

PER CURIAM. Karla M. Ruiz appeals the district court's denial of a mitigating role reduction under USSG § 3B1.2. We affirm.

Pursuant to a plea agreement, Ruiz pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846. The parties agreed that Ruiz "had a mitigating role in the offense under U.S.S.G. §3B1.2, the extent of which will be determined by the Court at sentencing." (RE 35, Page ID # 187). The probation officer disagreed with the parties and recommended against applying a mitigating role reduction under USSG § 3B1.2. Both parties objected to the probation officer's recommendation. At sentencing, the district court overruled their objection, concluding that the evidence did not support "the notion that [Ruiz] was substantially less culpable than the average participant in the criminal activity." (RE 74, Page ID # 380). The district court

sentenced Ruiz to forty-six months of imprisonment followed by three years of supervised release.

In this timely appeal, Ruiz challenges the district court's denial of a reduction of her offense level under USSG § 3B1.2, which "provides a range of adjustments for a defendant who plays a part in committing the offense that makes [her] substantially less culpable than the average participant." USSG § 3B1.2 cmt. n.3(A) (2015). Section 3B1.2 authorizes a four-level reduction for a "minimal" participant, a defendant who is "plainly among the least culpable of those involved in the conduct of a group," *id*. cmt. n.4; a two-level reduction for a "minor" participant, a defendant "who is less culpable than most other participants, but whose role could not be described as minimal," *id*. cmt. n.5; and a three-level reduction for a defendant whose role falls somewhere in between. The decision to grant a mitigating role reduction "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." *Id*. cmt. n.3(C). We therefore review the denial of a mitigating role reduction for clear error. *United States v. Randolph*, 794 F.3d 602, 616 (6th Cir. 2015).

According to Ruiz, the district court clearly erred in finding that she was more than a minimal participant in the methamphetamine conspiracy because her role involved receiving and holding methamphetamine until someone else retrieved it. Ruiz contends that she did only what her incarcerated boyfriend directed her to do in hopes of maintaining their internet relationship and that she did not originate the scheme to distribute methamphetamine, did not exercise any control over or have any input in the scheme, did not obtain or mail the methamphetamine, and did not benefit or stand to benefit financially.

In finding that Ruiz was not substantially less culpable than the average participant, the district court was "especially influenced" by the fact that she had direct telephone contact with two incarcerated leaders of the methamphetamine conspiracy and noted that "their ability to

carry out this transaction presumptively would have been very limited without her support." (RE 74, Page ID # 380). *See United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001) ("A defendant who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence."). In addition to this direct contact, Ruiz accepted the methamphetamine from another participant, packaged it for shipping from California to Ohio, turned it over to another participant for mailing, obtained a photograph of the shipping label which she forwarded to her incarcerated boyfriend, and, at his direction, tracked the package. Based on the totality of the circumstances, the district court did not clearly err in denying Ruiz a mitigating role reduction.

Ruiz asserts that, in denying the reduction, the district court improperly considered the extended time of her involvement in the conspiracy for the purpose of cooperating with the government. Although the district court asked about the duration of Ruiz's involvement, the record reflects that the district court's decision to deny a mitigating role reduction was "especially influenced" by the fact that "the two more major players in the conspiracy were both in prison," such that Ruiz's role was indispensable to the scheme. This fact related to her offense conduct and not her subsequent cooperation.

Finally, Ruiz contends that the government's tactics in this case—assuring her that it would argue on her behalf for a mitigating role reduction and then taking a different position on appeal—will have a chilling effect on plea negotiations. The government has merely argued on appeal that the district court did not clearly err in denying a mitigating role reduction, pointing out that "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). "The fact that the government agreed to a sentencing adjustment before the district

court does not mean that the government is estopped from arguing on appeal that the district court did not err in declining to award the adjustment." *Huff v. United States*, 734 F.3d 600, 610 (6th Cir. 2013).

For these reasons, we **AFFIRM** Ruiz's sentence.